1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

**EASTERN DISTRICT OF CALIFORNIA**

8

9   MATTHEW JOSEPH SUND,                    CASE NO. 1:15-CV-1471-SMS (HC)

10                          Petitioner,        ORDER DISMISSING PETITION
                                               WITHOUT PREJUDICE
11          v.

12   THE PEOPLE OF THE STATE OF
     CALIFORNIA,
13
                          Respondents.
14

15          Petitioner is proceeding *in pro se* with a petition for writ of habeas corpus pursuant to 28

16   U.S.C. § 2254. Petitioner has consented to Magistrate Judge jurisdiction. The petition will be

17   dismissed without prejudice because Petitioner is not presently in custody.

18      **I.      SCREENING STANDARD**

19          The Court is required to screen pleadings filed by prisoners, and to dismiss them to the

20   extent they fail to state a claim. 28 U.S.C. § 1915A(a). Rule 4 of the Rules Governing Section

21   2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and

22   any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the

23   Rules Governing Section 2254 Cases.

24      **II.     THE CUSTODY REQUIREMENT**

25          The Court cannot reach the merits of a habeas corpus claim unless it concludes that it has

26   jurisdiction. By statute, federal courts "shall entertain an application for a writ of habeas corpus

27   [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground

28   that he is in custody in violation of the Constitution or laws or treaties of the United States." 28

U.S.C. § 2254(a). Section 2254(a)'s "in custody" requirement is jurisdictional; thus, "it is the first question [the Court] must consider." *Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010) (*quoting Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir. 1998)).

Plaintiff was formerly confined in Fresno County Jail and later in Atascadero State Hospital. According to his address of record, he is not currently incarcerated and currently resides in Salt Lake City, Utah. Hence, Petitioner does not satisfy the statutory in-custody requirement. Therefore, the Court lacks jurisdiction over his habeas petition and will be dismissed.

**III.     HABEAS CORPUS AND CIVIL RIGHTS**

In addition, because Petitioner challenges both the duration and the conditions of his confinement, the Court is uncertain of the exact nature of Petitioner's claim.  Challenges to the conditions of prison life are properly brought in a civil rights action under 42 U.S.C. § 1983. *McCarthy v. Bronson*, 500 U.S. 136, 142 (1991).  A federal petition for writ of habeas corpus concerns whether a petitioner is in custody in violation of the Constitution.  28 U.S.C. § 2254(a). "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Preiser v. Rodriguez*, 411 U.S. 475, 488-89 (1973).  A plaintiff may not seek both types of relief in a single action.  *See Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994); *Preiser*, 411 U.S. at 498-99 n. 15; *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied sub nom Bressman v. Farrier*, 498 U.S. 1126 (1991); *Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases*. A federal court has discretion to construe a mislabeled habeas corpus petition as a civil rights action and permit the action to proceed as such. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971) (per curiam) (state prisoners' habeas petitions, which challenged their living conditions and disciplinary measures and did not seek release, could be read to plead § 1983 claims).

Here, the petition is drafted on a form habeas petition, but it primarily concerns conditions of confinement. Petitioner specifies that he appealed his conviction based on prison conditions and failure to provide medical care. Petitioner alleges that he was not provided necessary medication. Challenges to prison conditions are properly brought in a civil rights complaint under § 1983 and

not a habeas petition under § 2254. The Court has discretion to construe the petition as a civil rights action; however, Petitioner also argues that his counsel was incompetent and did not respond to Petitioner's mail or otherwise contact him when requested. Petitioner may not proceed with both of his claims in a single action, and it is unclear to the Court which claim he intends to bring in the instant petition. Hence, the Court will not convert the habeas petition into a civil rights complaint.

**IV.    APPEALABILITY**

For the reasons set forth above, Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Hence, the Court will decline to issue a certificate of appealability.

**V.    ORDER**

For the foregoing reasons, it is hereby ORDERED that the petition be DISMISSED without prejudice. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **March 2, 2016**                          **/s/ Sandra M. Snyder**
                                                                      UNITED STATES MAGISTRATE JUDGE